WISE SMOTHERMAN et al., Respondents, v. SIM-
MONS-BURKS CLOTHING COMPANY et al., Ap-
pellants.

### Springfield Court of Appeals, April 3, 1911.

1. FRAUDULENT CONVEYANCES: Sufficiency of Evidence.
Defendant had obtained a judgment against plaintiffs' father
and mother; an execution had been issued and certain lots,
the legal title to which was in plaintiffs, had been levied on
and were advertised for sale, which sale was enjoined by
plaintiffs. Defendant in this injunction suit claimed that these
lots had been deeded to plaintiffs by their parents for the pur-
pose of defrauding creditors. The evidence is examined and
*held* that it did not show that the parents were insolvent at
the time of the conveyance to their sons, nor that it was made
in anticipation of future indebtedness; that there being no
evidence impeaching the good faith of the transaction, the trial
court was right in enjoining the sale of the lots.

2. ————: Transactions Between Members of Family. In de-
termining the intention of the parties in a transaction between
members of the same family covering the transfer of property
which is charged to have been made in fraud of creditors, the
closest scrutiny will be exercised, but if after a full and fair
review of all the facts the transaction does not appear to be
tainted with fraud, it may stand.

3. ————: Injunctions: Exemptions. Where a judgment is
against plaintiff's father and mother, plaintiff will not have
the right to enjoin the sale of a lot under execution, the legal
title to said lot being in him, when he alleged and admitted
that he holds the legal title as trustee for his mother, even
though he may allege that the mother occupies the lot as a
homestead, for as she is not a party to the injunction suit the
question of her homestead is not involved.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,*
Judge.

AFFIRMED IN PART, REVERSED IN PART.

*J. L. Bess* for appellants.

(1) Every party interested must sue in his own name and not for another. R. S. 1909, secs. 1730, 1733; Van Stewart v. Miles, 105 Mo. App. 246; Friedman v. Holberg, 74 Mo. 26; Elam v. Carter, 119 S. W. 914. (2) It is questionable as to whether Mrs. Smotherman, as a married woman, would be entitled to homestead rights, but if she was she could not convey to another, and hold in his name, against the lawful claims of judgment creditors. Their rights would lie against the purchaser. The law implies fraudulent intent of debtors who convey real estate to members of their own family. Pawley v. Vogel, 42 Mo. 291; Stivers v. Home, 62 Mo. 473; Patten v. Walker, 118 S. W. 313; Elam v. Carter, 119 S. W. 914. (3) A deed fraudulent as to creditors is by both law and equity void, and we are unable to discover any other motive which could have prompted the Smothermans to make these transfers, in the manner and at the time they did. The only logical conclusion, apparent to us, is that it is another case of: get the property out of the way before creditors get it in satisfaction of their just claims. Potter v. Adams, 125 Mo. 118; Hoffman v. Nolte, 127 Mo. 120; Sager Sons v. Thomas Bros., 107 Mo. 635. (4) All deeds of record in these cases were executed subsequent to the contracting of the debt due these defendants, the judgment creditors restrained by these actions and the deed made by W. M. Smotherman to Synthia Smotherman, though executed prior to the one to Wise (John W.) was withheld from the records, by them, until their planning just five days before these actions were brought and only two days before they gave defendants written notice of the intention to file these cases. These indiscriminate and promiscuous deeds, saying nothing of their mischievous conduct and actions, are to us but plain badges of fraud and should be closely scrutinized by the court. Benn

v. Scnecko, 100 Mo. 251; Holloway v. Holloway, 103 Mo. 275; Glacier v. Walker, 69 Mo. App. 288; Kain v. Larkin, 38 N. Y. 546; Young v. Bank, 59 Ill. App. 152.

*J. C. Dyott* and *O. F. Wayland* for respondents.

(1) A deed from parent to child with consideration of natural love and affection is valid. Perry v. Price, 1 Mo. 553; Poe v. Dornes, 48 Mo. 441. (2) Infants can hold title to real estate. Teadman on Real Estate, sec. 797. (3) One who manages affairs about the house is head of house and entitled to homestead exemptions. Ridenour Co. v. Monroe, 142 Mo. 165. (4) Man may sell or mortgage his homestead and creditors have no concern with it. Grimes v. Porterman, 99 Mo. 229.

COX, J.—Two actions were brought, one by each of plaintiffs, seeking to enjoin the sale of lots 6, 7 and 8, Block 1, Marrs' Addition to the town of Mountain View in Howell county under execution. A temporary writ was issued, and upon trial the issues were found for plaintiff and the injunction made perpetual and defendants have appealed.

In July, 1909, defendant, Simmons-Burks Clothing Company, obtained judgment in the Howell County Circuit Court against W. M. Smotherman and his wife, Cynthia Smotherman, and on this judgment an execution was issued and placed in the hands of defendant C. M. Heard who was at the time the sheriff of Howell county, and under it he levied upon the lots above described and advertised them for sale on December 17, 1909. The plaintiff, Wise Smotherman, brought suit to enjoin the sale of lots 7 and 8, Block 1, Marrs' Addition to Mountain View, upon the ground that he was the owner thereof and a sale would cast a cloud upon his title, and in this petition he alleged that he was the owner in fee simple of lot 8 and that he held the legal title to lot 7 as trustee for his mother Cynthia Smotherman, and that said Cynthia Smotherman oc-

cupied lot 7 as a homestead, she having been deserted by her husband W. M. Smotherman. At the same time, A. M. Smotherman brought suit to enjoin the sale of lot 6 in the same block upon the ground that he was the owner thereof and that a sale would cast a cloud upon his title.

The answer of defendants alleged the ownership of the property to be in W. M. Smotherman and Cynthia Smotherman, and that the transfer of the property to their sons, Wise and A. M. Smotherman, was fraudulent as against the creditors of the grantors.

These two actions were consolidated and tried together, and after the testimony was heard the court found the issues for plaintiff and made the injunction permanent.

The evidence shows that W. M. Smotherman and Cynthia Smotherman were husband and wife and that Wise and A. M. Smotherman were their sons. W. M. Smotherman was doing business as a merchant in Mountain View, and in the fall of 1908, deserted his wife and family and has not returned or furnished anything toward their support since. The deed to A. M. Smotherman to lot 6 was made on the 31st day of March, 1908, and on August 21, 1908, a deed from W. M. Smotherman to his wife Cynthia Smotherman was executed and this deed was filed for record December 11, 1909. What property was conveyed by this deed does not appear, but presumably it was lot 7, Block 1, Marrs' Addition. A deed of W. M. Smotherman and wife to John W. Smotherman, (who was Wise Smotherman), was executed November 26, 1908, and recorded November 27, 1908.

If the purpose of W. M. Smotherman and his wife in conveying the property to their sons was to hinder, delay or defraud their creditors and the grantees knew that fact and accepted the deeds with the intent to assist in the accomplishment of that purpose then the transactions were fraudulent and should not be permit-

ted to stand. [Gust v. Hoppe, 201 Mo. 293, 100 S. W. 34; Wall v. Beedy, 161 Mo. 625, 61 S. W. 864.]

In determining the intention of the parties in a transaction between members of the same family in which fraud is charged the closest scrutiny will be exercised, but if, after a full and fair review of all the facts, the transaction does not appear to be tainted with fraud it may stand. [Bank v. Fry, 216 Mo. 24, 42, 45, 115 S. W. 439.]

As to lot six, claimed by A. M. Smotherman, the undisputed evidence shows that when conveyed to him March 31, 1908, it was a vacant lot, and that he paid for nearly all the improvements that were afterwards put upon it. Further there is no evidence that the grantors were insolvent at that time, nor that this conveyance was made in anticipation of a future indebtedness; hence, there is no evidence upon which to impeach the good faith of this transaction and as to it the court's finding is right.

As to lot eight, claimed by Wise Smotherman it is sufficient to say that after a careful examination of the testimony and examining it with a close scrutiny, as we are required to do in transactions between members of the same family, our conclusion is that the finding of the trial court that the transaction was in good faith should not be disturbed.

Lot seven, which it is claimed, Wise Smotherman holds as naked trustee for his mother, Cynthia Smotherman, stands on an entirely different basis from the others. The judgment upon which the execution was issued was against both W. M. Smotherman and his wife, Cynthia Smotherman. The debt was, therefore, the debt of Cynthia Smotherman as well as that of her husband, and under the evidence in this case she was the equitable owner of lot seven and hence, this lot was subject to execution for her debt unless she can hold it as exempt; but as she is not a party to this suit the question of her

right to exemption is not involved in this case, and as to lot seven the injunction should have been dissolved.

The judgment will be affirmed as to lots six and eight, Block 1, Marrs' Addition to Mountain View, and reversed and the injunction dissolved as to lot seven, Block 1, Marrs' Addition to Mountain View. All concur.